UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

EILEEN GOFF,
individually and on behalf of
persons similarly situated,

    Plaintiff,

v.

BETHESDA MEMORIAL HOSPITAL, INC.,
a Florida corporation; BETHESDA HEALTHCARE
SYSTEM INC., a Florida corporation; BETHESDA
PAYROLL SERVICES, INC., a Florida corporation;
and XYZ ENTITIES 1-10 (fictitious names of unknown
liable entities),

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, EILEEN GOFF, on behalf of herself individually and others similarly situated, hereby alleges the following causes of action:

1. Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, on behalf of herself and on behalf of other, similarly situated, current and former employees of Defendants, BETHESDA MEMORIAL HOSPITAL, INC., BETHESDA HEALTHCARE SYSTEM INC., BETHESDA PAYROLL SERVICES, INC., and their divisions, subsidiaries and affiliates, however constituted, including but not limited to XYZ ENTITIES 1-10, all doing a portion of their business in Florida. (Defendants are to be referred to herein collectively as "BETHESDA," the "BETHESDA Defendants," or "Defendants").

2. Plaintiff, EILEEN GOFF, was an employee of Defendants. She worked for Defendants as an hourly paid license practical nurse ("LPN") from approximately July 2005 until approximately August 2010. At times material hereto, Plaintiff performed a substantial part of her work duties in Palm Beach County, Florida, within the jurisdiction of this Court.

3. Defendant, BETHESDA MEMORIAL HOSPITAL, INC., is a Florida corporation and is within the jurisdiction of this Court.

4. Defendant, BETHESDA HEALTHCARE SYSTEM INC., a Florida corporation and is within the jurisdiction of this Court.

5. BETHESDA PAYROLL SERVICES, INC., is a Florida corporation and is within the jurisdiction of this Court.

6. Defendants, XYZ ENTITIES 1-10, comprise or operate one or more divisions, subsidiaries, or affiliated companies of Defendants, BETHESDA MEMORIAL HOSPITAL, INC., BETHESDA HEALTHCARE SYSTEM INC., or BETHESDA PAYROLL SERVICES, INC. Defendants, XYZ ENTITIES 1-10, are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiff and those similarly situated, as further alleged herein. The true names and capacities of these XYZ ENTITIES 1-10 are unknown to Plaintiff at this time, but Plaintiff will amend the Complaint when and if the true names of said defendants become known such that they can be correctly named.

7. The BETHESDA Defendants directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated, non-exempt workers at all material times,

including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.  Alternately, Defendants, BETHESDA MEMORIAL HOSPITAL, INC., BETHESDA HEALTHCARE SYSTEM INC., and BETHESDA PAYROLL SERVICES, INC., and each of their respective divisions, subsidiaries or affiliates, however constituted, including but not limited to XYZ ENTITIES 1-10, were joint employers of Plaintiff and other similarly situated non-exempt workers because each, respective division, subsidiary or affiliate acts directly or indirectly in the interest of the other in relation to such Plaintiff and such similarly situated persons.  As a further alternative, BETHESDA MEMORIAL HOSPITAL, INC., BETHESDA HEALTHCARE SYSTEM INC., and BETHESDA PAYROLL SERVICES, INC., and each of their divisions, subsidiaries or affiliates, however constituted for the location(s) at issue, including but not limited to XYZ ENTITIES 1-10, were joint employers of the Plaintiff and the similarly situated non-exempt workers because they commonly controlled the terms of compensation and employment of Plaintiff and others similarly situated, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated.  As a final alternative, Defendants, BETHESDA MEMORIAL HOSPITAL, INC., BETHESDA HEALTHCARE SYSTEM INC., and BETHESDA PAYROLL SERVICES, INC., or each of XYZ ENTITIES 1-10, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated non-exempt workers at all of Defendants' locations at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

**Collective Action Allegations**

8. This collective action includes all employees similarly situated to Plaintiff, in one or more subclasses, performing some or all of the duties of a non-exempt, hourly-paid registered nurses (RNs), licensed nurse practitioners (LPNs), certified nurse assistants ("CNAs") and patient care coordinators ("PCC"), however variously titled, at any location or facility of every division, subsidiary, or affiliate of Defendants, however constituted, including but not limited to XYZ ENTITIES 1-10 -- who worked in excess of forty (40) hours ("overtime hours") per workweek in one or more workweeks on or after August 2007, and who did not receive their overtime rate of pay for all of their overtime hours within such workweeks based upon Defendants' policy or practice of deducting 30 minutes each day for lunch, without regard to whether Plaintiff and the others similarly situated took a bona fide meal break. (Collectively, the "asserted class" or as those employees "similarly situated," in one or more subclasses).

9. The material time for the claims under the FLSA in this case is the **three-year period** prior to the date of each Plaintiff's or similarly situated person's joinder or opting into this action, and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law.

10. At all times material hereto, Plaintiff and all the similarly situated current and former employees in the asserted class were performing their duties for the benefit of and on behalf of Defendants.

11. Plaintiff and the other similarly situated current and former employees in the asserted class regularly worked overtime hours.

12. At all times material to this Complaint, based upon the policy or practice of deducting 30 minutes each day for lunch, Defendants failed to pay Plaintiff and similarly situated

persons properly for all overtime hours worked – that is, all of the hours worked in excess of forty (40) -- within a workweek in compliance with the FLSA.

13. Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

14. In the course of employment with Defendants, the Plaintiff and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

15. There are estimated to be several hundred current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

16. The records, if any, should be in the custody or control of BETHESDA concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

**Further Jurisdictional Allegations**

17. Venue is proper. The Court has jurisdiction over the Defendants, and over each plaintiff joining this lawsuit.

18. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants were each an entity engaged in interstate commerce or in the production of goods for commerce as

defined in 29 U.S.C. §203(r) and 203(s). The annual gross sales volume of each of the Defendants was in excess of $500,000.00 per annum.

### Damages, Liquidated Damages, and Other Relief

19. Plaintiff has retained the Shavitz Law Group, P.A to represent her, and Plaintiff has incurred, and will continue to incur, attorneys' fees and costs accordingly, which are a proper part of the relief sought in this action.

20. Plaintiff and those similarly situated seek to recover relief from Defendants that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of the FLSA.

### COUNT I

21. Plaintiff readopts and realleges here all allegations contained in Paragraphs 1 through 20 above.

22. Plaintiff is entitled to be paid her overtime rate of pay for each hour worked in excess of forty (40) hours per work week.

23. All similarly situated employees in the asserted class are likewise owed their respective overtime rate of pay for each overtime hour they worked and were not properly paid.

24. Defendants' actions were intentional, willful and unlawful.

25. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorneys' fees in bringing this action.

26. As a result of Defendants' willful violation of the FLSA, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

27. Plaintiff demands a jury trial on all counts.

WHEREFORE, Plaintiff, EILEEN GOFF, and those similarly situated to her who have or will opt into this action, demand judgment against Defendants, BETHESDA MEMORIAL HOSPITAL, INC., BETHESDA HEALTHCARE SYSTEM INC., BETHESDA PAYROLL SERVICES, INC., and XYZ ENTITIES 1-10, jointly and severally, for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiff and those similarly situated for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and all other available relief.

Dated: September 13, 2010
Boca Raton, Florida

Respectfully submitted,

_____
Gregg I. Shavitz
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiff

## NOTICE OF CONSENT TO JOIN

The undersigned, _Eileen Goff_, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_Eileen Goff_
CLIENT SIGNATURE

_Eileen Goff_
PRINT NAME