UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-81083-RYSKAMP/VITUNAC

EILEEN GOFF, individually and on behalf of
persons similarly situated,

    Plaintiff,

v.

BETHESDA MEMORIAL HOSPITAL, INC.,
a Florida corporation; BETHESDA HEALTHCARE
SYSTEM INC., a Florida corporation; BETHESDA
PAYROLL SERVICES, INC., a Florida corporation;
and XYZ ENTITIES 1-10 (fictitious names of unknown
liable entities),

    Defendants.
_____/

## JOINT MOTION TO APPROVE PARTIES' SETTLEMENT AGREEMENT AND TO DISMISS PLAINTIFF'S ACTION WITH PREJUDICE

The Parties, through their counsel, hereby file this Joint Motion to Approve the Parties' Settlement Agreement and to Dismiss Plaintiff's Action with Prejudice, and state as follows:

1.    The Plaintiff, Eileen Goff ("Goff"), filed her collective action complaint on September 13, 2010, which was later amended, seeking recovery of overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. [Complaint [D.E. 1]; Amended Complaint [D.E. 15], ¶¶ 24-26]  Goff has alleged that the defendants, Bethesda Memorial Hospital, Inc., and several related entities ("Defendants" or "Bethesda"), failed to pay her and other hospital employees (primarily nurses) all of the overtime pay due them as a

consequence of Bethesda's practice of deducting one-half hour from hourly employees' time on days that the employee's shift exceeds five hours to account for meal breaks. [Id. ¶ 8]

2.  Goff sought to represent a class composed of hourly-paid registered nurses ("RNs"), licensed practical nurses ("LPNs"), certified nurse assistants ("CNAs") and patient care coordinators ("PCCs"). [D.E. 57]

3.  The parties stipulated to conditional class certification, which the Court entered on July 14, 2011. [D.E. 59]  The proposed class included Bethesda's former and current employees in the above-described classifications who worked after August 1, 2008. [Id.]  Plaintiff dispatched notices to the class of approximately 1,400 RNs, LPNs, CNAs, and PCCs. [D.E. 63]  Thirty-one class members, including Goff, filed consents to join this lawsuit. [D.E. 1, 12-13, 66-71, 73, 78]  Twenty-two of these opt-in Plaintiffs subsequently withdrew their consents and are no longer plaintiffs. [D.E. 76-77, 79, 88-89, 91, 93, 95] Only nine Plaintiffs, including Goff, remain in this lawsuit.

4.  The parties engaged in extensive discovery, which concluded on December 3, 2011.  During discovery, Bethesda produced full and complete time and attendance records and other documents pertinent to the claims advanced by the plaintiffs, and the named Plaintiff and all Opt-In Plaintiffs were deposed.

5.  On April 11, 2011, two nurses formerly employed by Bethesda -- Daniel Israel and Gary Orrock -- on their own behalf and on behalf of others similarly situated, filed an alleged class action lawsuit in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County (No. 502011-CA 005447-XXXXMB) [hereinafter the "state court lawsuit"] seeking to represent the same class of medical professionals that Goff sought to

DM2\3189419.2

represent. During the pendency of the state court lawsuit, no request was made to certify any class or subclass of employees.

6. The plaintiffs in the state court lawsuit sought recovery of back wages attributable to unpaid meal periods, but only in weeks where the nurse or other class member worked fewer than 40 hours and hence was not entitled to overtime for that week.

7. The Parties, wishing to limit the costs and risks of further litigation, have negotiated a combined settlement of this FLSA collective action, and the companion state court lawsuit. A copy of the Settlement Agreement and General Release is attached hereto as Exhibit "A". Under the settlement, the Plaintiffs in this case will receive an amount for alleged back wages, liquidated damages, and an amount in attorneys' fees and costs, as specified in the parties' settlement agreement. In addition, the parties will settle the state court lawsuit, whereby the two named plaintiffs will be paid alleged back wages and attorney's fees, as set forth in the parties' Settlement Agreement.[1]

8. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties' Settlement Agreement and General Release is contingent on this Court's approval.

---

[1] Although the state court lawsuit is not pending before this Court, because the settlement of this case is contingent upon the settlement of both cases, the parties are disclosing the full terms of the combined settlement to assist this court in its determination of whether the terms of the settlement are fair and reasonable. There are no agreements between the parties or their attorneys other than those set forth in the settlement agreement. Upon approval of the settlement in this case, the parties will jointly move in the state court for dismissal with prejudice of that lawsuit.

9. The Parties' settlement is supported by ample consideration, and represents a fair and reasonable resolution of the claims at issue in this action. In this regard, each Plaintiff and Opt-In Plaintiff will receive compromise consideration for their alleged claims, with each individual's maximum number of claimable weeks and hours having previously been calculated from Defendant's records and each individual having agreed to the compromise amounts set forth in the parties' Agreement. Additionally, although Plaintiffs' attorneys' fee time and costs were in excess of $190,000 between this case and the state court lawsuit, Plaintiffs' Counsel will receive consideration from Defendants for less than 40% of the total fees and costs incurred. As such, the Agreement complies with the requirements of the FLSA and <u>Lynn's Food Stores</u>.

## NATURE OF THE CASE

Plaintiffs worked for Defendant Bethesda Hospital Systems, Inc., as nurses, nursing assistants, or patient care coordinators. Plaintiffs allege that Bethesda failed to reverse the automatic one-half hour deduction for meal breaks on days they were unable to take a full uninterrupted meal break. Defendants maintain that Plaintiffs failed to report to Bethesda that they did not take their full meal break and Bethesda therefore was unaware that the plaintiffs were not paid for interrupted or missed meal breaks.

However, in an effort to reduce the costs and uncertainty of proceeding with litigating this matter, the Parties have agreed to a compromised resolution of Plaintiffs' claims.

The Parties' Agreement was reached following a review of all relevant documents, the depositions of all plaintiffs and the defendants' corporate representative, review of the federal regulations and case law interpreting the claims at issue in this case and arms-length

discussions between the parties and their counsel. Bethesda has filed separate motions to decertify the collective action and for summary judgment.

## MEMORANDUM OF LAW

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. See e.g., Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945). This general rule recognizes that there are often inequalities in bargaining power between employees and employers. However, if certain conditions are met, an employee may settle and waive FLSA claims against and employer.

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. Lynn's Food Stores, 679 F.2d at 1353; see also Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947).

Therefore, an employee may properly settle and release FLSA claims against an employer if (1) the settlement between the employer and employee occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computations that are actually in dispute, and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. Lynn's Food Stores, 679 F.2d at 1354.

All three (3) elements are present in the instant case. First, the proposed settlement arises out of an adversarial context as all parties are engaged in litigation of this matter and are

5

represented by competent counsel. Defendants have vigorously disputed Plaintiffs' claims that they are owed money for work performed during unpaid meal breaks.  Defendants have filed a motion for summary judgment seeking dismissal of all claims.  Further, payroll records show that in many weeks, plaintiffs worked no overtime and would not receive any compensation even if the hours were added back to the total hours worked during the week.

Plaintiffs, on the other hand, argue that they often never received a bona fide meal break and that they were not paid for such meal breaks, and that Defendants are required to compensate Plaintiffs for those hours worked, at least in weeks in which they worked overtime.

Notwithstanding these disputed issues, the Parties' Agreement compensates Plaintiffs for a percentage of claimed back wages, liquidated damages, and Plaintiffs' litigation costs and attorneys' fees.

Therefore, given the disputed issues in this case, the possible range of recovery, and the parties' desire to avoid additional litigation expenses, the settlement reached by the parties is a fair and reasonable compromise of Plaintiffs' claims.

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court enter an Order (1) approving the Parties' Settlement; and, (2) dismissing this action with prejudice.  A proposed Order has been filed concurrently herewith.

RESPECTFULLY SUBMITTED this 28th day of February, 2012,

| | |
|---|---|
| **s/KEITH M. STERN** | **s/MICHAEL W. CASEY, III** |
| Keith M. Stern | Michael W. Casey, III |
| Florida Bar No. 321000 | Florida Bar No. 141430 |
| E-mail: kstern@shavitzlaw.com | Email: MWCasey@duanemorris.com |
| Gregg I. Shavitz | Mark J. Beutler |
| Florida Bar No. 11398 | Florida Bar No. 0023400 |
| Email: gshavitz@shavitzlaw.com | Email: MJBeutler@duanemorris.com |
| SHAVITZ LAW GROUP, P.A. | Teresa M. Maestrelli |
| 1515 S. Federal Highway, Suite 404 | Florida. Bar No.   0059775 |
| Boca Raton, Florida 33432 | Email:TMMaestrelli@duanemorris.com |
| Telephone:   (561) 447-8888 | DUANE MORRIS LLP |
| Facsimile:   (561) 447-8831 | 200 S. Biscayne Boulevard, Suite 3400 |
| Attorneys for Plaintiff | Miami, FL 33131-2318 |
| | Tel: 305-960-2200 |
| | Fax: 305-960-2201 |
| | Attorneys for Defendants |